JOSEPH SLEVIN, RESPONDENT, *v.* MARGARET C. WALLACE, INDIVIDUALLY AND AS EXECUTRIX AND TRUSTEE OF FRANCIS B. WALLACE, DECEASED, AND OTHERS, APPELLANTS.

*Statute of frauds — joint adventure in purchasing lands — statements made to an agent and not communicated by him to his principal — res gestæ*

A parol agreement between two parties for the purchase of certain real estate was entered into, it appeared, not as a joint adventure for the purposes of trade or speculation in lands, but rather for the purpose of investment. Property was purchased thereunder and the title thereto was held by one of them for many years. Extensive repairs were made, and different parcels were bought and grouped together in one improvement.

In an action brought by one party for an accounting by the other party who had held the title to and managed the property:

*Held,* that the interest acquired was an interest in lands which, under the statute of frauds, must be evidenced by a writing.

In order to support the action a bookkeeper was called as a witness, and was allowed to testify that the plaintiff, upon the payment of certain moneys to him, had stated that he made the payment upon the purchase-price of the property in question. · It did not appear that the bookkeeper ever communicated this statement to the defendant.

*Held,* even if the evidence as to the statement thus made were admissible as a part of the *res gestæ* of the payment, that the defendant was not bound by it.

APPEAL by the defendant, Margaret C. Wallace, individually and as executrix and trustee of Francis B. Wallace, and others, from a judgment of the Supreme Court, entered in the clerk's office of the city and county of New York on· the 10th day of September, 1891, upon the decision of a referee awarding a recovery to the plaintiff of $65,490.40 and costs.

*S. P. Nash,* for the appellants.

*S. W. Fullerton,* for the respondent.

VAN BRUNT, P. J. :

This action was brought for an accounting respecting the profits made on the purchase, renting and sale of certain real estate in the city of New York, the title to which real estate was taken by Francis B. Wallace (of whom the defendant Margaret C. Wallace is the executrix) in his individual name, and for the recovery of one-fourth part of such profits.

To maintain the action the plaintiff relied upon a parol contract alleged to have been made on or shortly prior to March 17, 1870, by virtue of which he claimed he was entitled to one-fourth of the net profits on the purchase, renting and sale of the entire parcel of real estate.

The defendant denied that there was any arrangement between the plaintiff and said Wallace that he should have an interest in the property, and also that there was any note or memorandum in writing of any such arrangement as was required by the statute, so that, even if made, it was void.

The referee found that there was such an arrangement as claimed by the plaintiff, but that there was no memorandum in writing in respect thereto, and reported in favor of the plaintiff; and from the judgment thereupon entered this appeal is taken.

The evidence offered upon the part of the plaintiff for the purpose of establishing the cause of action alleged in the complaint consisted chiefly of the testimony given by a bookkeeper of said Wallace in relation to certain conversations had between himself and the plaintiff, which were repeated to Wallace, and conversations with Wallace, the testimony of the plaintiff, and the evidence of certain witnesses in respect to admissions made by Wallace during his lifetime in respect to the interest of the plaintiff in the property in question.

From the evidence thus adduced, having come to the conclusion that an arrangement did exsist between the plaintiff and Wallace by which the plaintiff was to have an interest in the property in question, and that such arrangement did not come within the statute of frauds because it was a partnership adventure, and not an agreement for the sale of an interest in lands, the referee reported in favor of the plaintiff.

It is claimed, upon the part of the appellants, that there was no sufficient evidence to justify the findings of the referee of any agreement or arrangement between the plaintiff and Wallace; and that even if such an arrangement were made, it was not an arrangement for a joint adventure, but for the acquisition of an interest in lands; and also that the referee erred in the receipt of certain testimony during the progress of the trial.

There is no question that the principle is well established by the adjudications in this State, that where two or more parties enter into an agreement for the purchase of real estate as a joint adventure, and thereby a partnership is formed in that adventure, although the title is taken in the name of one, the others may, notwithstanding the statute, enforce their rights in respect thereto. But it seems to me, from a reading of the testimony in this case, that there is no evidence that this real estate was bought for the purpose of trading therein, or of speculating thereon. It was rather bought for the purpose of investment, undoubtedly in the hope that the property invested in would enhance in value. But there is no evidence justifying the finding that the property was bought for speculative purposes, or for the purpose of trade, and, therefore, the principle to which attention has been called has no application.

The plaintiff, according to the testimony, was to have an interest in the *property*. Nothing was said about an interest in the profits arising from the joint adventure. And if he was to have such an interest in the property, the payment of the money did not give him such an interest under the statute, unless there was some note or memorandum expressing the consideration and signed by the party sought to be charged.

The case at bar differs from all those which have been cited, in that no copartnership relations existed between the plaintiff and Wallace, which relation did exist between the parties in many of the other cases.

Neither, as already observed, is there anything tending to show that the interest which the plaintiff was to have, looked to an interest in the profits rather than an interest in the real estate itself. This view is emphasized by the language of the plaintiff to Mr. Wallace at the time of the alleged payment of the money where it is testified that he stated "I have made that payment on account of the purchase of that property."

That the purchase was not intended to be a temporary investment is shown by the evidence as to the manner in which the property was treated, both by the plaintiff and Wallace, for a large number of years. Extensive repairs were made, and different parcels bought and grouped together in one improvement, managed together and held in this way until the death of Wallace, occurring

about the month of June, 1883, certainly a long period to await a realization upon a speculative investment.

There seems also to have been error in the admission of the testimony of the plaintiff in respect to a conversation had by him with Smith, the bookkeeper of Mr. Wallace, at the time of handing him the check, which it is admitted was received and credited to the plaintiff in the books of Mr. Wallace's firm.

The plaintiff was allowed to go on and testify to that which he had stated to Smith in respect to his agreement with Wallace relating to the property in question. There is no evidence that a very material portion of such conversation was ever communicated to Wallace by Smith. If it is claimed that Smith testified that he stated to Wallace what had transpired between the plaintiff and himself, it is to be observed that that evidence related to what Smith had testified had occurred between the plaintiff and himself, in which testimony a material part of the conversation, as testified to by the plaintiff, does not appear.

It is undoubtedly claimed that the conversation was admissible in connection with the payment of the money as part of the *res gestæ;* and the learned counsel for the appellant seems to some extent to recognize the admissibility of such evidence if it did actually take place at the time of the payment of the money. But he claims that there is no evidence that it did take place at that time, which seems to be the fact, as the witness was unable to testify with any degree of certainty whether it took place before, or after, or at the time. It is manifest that, unless such conversation did take place at the time of the payment, and was, therefore, part of the *res gestæ,* it could not, under any circumstances, be admissible. But I fail to see, even if it did take place at the time of the payment of the money to the bookkeeper of Wallace, how it is admissible, unless it was communicated to Wallace. I fail to comprehend how, by the mere fact of a man stating to my employee that he pays money in pursuance of an agreement made by me that he shall thereby acquire an interest in my property (such conversation never having been communicated to me), any such interest is established. How, therefore, can such testimony be competent?

This is precisely the position occupied by the plaintiff in respect to a material portion of this alleged conversation. One of the

important features of the plaintiff's case, and which, it is claimed, tends to support in a very remarkable degree the claim of the plaintiff, is the statement that the plaintiff made to Smith at the time of the payment of the money that he was to take charge of the property, rent it, collect, etc., which was never communicated to Wallace; and because the plaintiff did take charge of the property, rent it, collect, etc., after the purchase, it is urged that the truth of his claim is strongly supported.

It seems clear to me that evidence of this kind is incompetent. Otherwise, a principal may have a burden fixed upon his property in favor of a third party, because of a conversation by such third party with an employee at the time of the receipt of certain moneys, of which the principal has not the slightest conception or knowledge; and it only requires death to shut his mouth and the charge is complete. Such cannot be the rule of evidence. Agreements cannot be established in such a way; and the conversations between the plaintiff and the employee of Wallace were inadmissible, except so far as they were communicated to Wallace; and such communication must be established by proof and cannot rest upon conjecture. Error, therefore, was committed in permitting such evidence to be given; the question which led to the giving of such evidence having been duly objected to and exception taken to the overruling of such objection.

It does not seem necessary to consider the question of the weight of evidence which was urged to so great an extent by the learned counsel for the appellant on the argument, because for the reasons already pointed out it would seem that there should be a reversal.

The judgment should be reversed and new trial ordered, with costs to appellant to abide event.

ANDREWS, J., concurred.

O'BRIEN, J.:

Had the contract alleged been proven by competent evidence, though made by parol, it could be enforced. An important part of the contract was that relating to plaintiff's taking charge of the property. I agree, therefore, with the conclusion reached by Mr. Justice VAN BRUNT and concur in his reasons as to the error committed in the reception of evidence given by plaintiff as to what

he told the bookkeeper of Wallace in the absence of proof showing either that it was a conversation when the money was paid or was subsequently communicated to Wallace. I, therefore, concur with the presiding justice and in the result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.